**NOLAN v. BUTTS et al.**

No. 20011. Opinion Filed May 19, 1931.

Rehearing Denied June 9, 1931.

W. H. C. Taylor, for plaintiff in error.

Drennan & Drennan and Sam P. Ridings, for defendants in error.

HEFNER, J. This is an action brought by Jesse T. Butts against Thomas Nolan, Amelia Nolan, and others, to recover on two promissory notes and foreclose a first and second mortgage on real estate located in Grant county. Defendants Thomas Nolan and Amelia Nolan filed an answer consisting of a general denial and a special denial specifically denying that plaintiff was the owner of the notes and mortgages sued on. The other defendants defaulted. Defendant in error Troy Kirby purchased the land at the foreclosure sale and was not a party in the trial court. The trial court, on motion of plaintiff, rendered judgment in his favor on the pleadings and entered a decree foreclosing both mortgages.

Defendant Thomas Nolan appeals and contends that judgment was erroneously entered for the reason that his answer stated a defense to plaintiff's cause of action. We are without jurisdiction to entertain the appeal. It was not filed in time. The judgment was rendered April 4, 1928; the appeal was filed December 14, 1928. It was not filed within six months from the date of judgment. It is a nullity and cannot be considered by this court.

An order of sale was issued on the judgment and the land sold thereunder. The sale, over objection of defendant, was confirmed by the trial court. Defendant contends that this order should be reversed for the reason that the sale was irregular; that the land was sold under the judgment foreclosing the second mortgage and that it sold for $1,900 less than his equity in the premises. There was no evidence introduced at the trial to establish this fact, but even if it had been, it would not be sufficient to defeat confirmation. Defendant's equity in the land was appraised at $5,717.37. It was sold for $3,817.36. This amount is more than two-thirds of the appraised value. Defendant points out no irregularities in the proceedings. There was no error in confirming the sale.

Defendant also complains that his tenant was wrongfully ejected from the premises under writ of assistance and his crops taken by the purchaser. The tenant was not made a party to the suit. There is no evidence in the record on this question, and it is therefore not before us.

Judgment is affirmed.

CLARK, V. C. J., and RILEY, ANDREWS, and KORNEGAY, JJ., concur.

LESTER, C. J., and CULLISON, SWINDALL, and McNEILL, JJ., absent